IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## RICO RAYBON v. STATE OF TENNESSEE

**Appeal from the  Criminal Court for Shelby County**
**No. P-28390   Arthur R. Bennett, Judge**

---

**No. W2004-01447-CCA-R3-PC  - Filed March 10, 2005**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner, Rico Raybon, appeals the trial court's denial of post-conviction relief.   The petition was filed outside the applicable statute of limitation and is, therefore, time-barred.  Accordingly, we affirm the dismissal of the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ. joined.

Rico Raybon, pro se.

Paul G. Summers, Attorney General & Reporter; David E. Coenen, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

On August 17, 2000, Petitioner was convicted of one count of rape of a child and sentenced to twenty years in the Department of Correction.  *See State v. Rico L. Raybon*, No. W2001-01303-CCA-R3-CD, 2002 WL 1482719, * 1 (Tenn. Crim. App., at Jackson, Mar. 25, 2002), *perm. to appeal denied*, (Tenn. Sept. 9, 2002).  This Court affirmed the conviction and sentence on direct appeal and our supreme court denied application for permission to appeal on September 9, 2002.  Petitioner subsequently filed a pro se petition for post-conviction relief on April 29, 2004, asserting (1) that the prosecution withheld evidence favorable to the defendant, (2) that trial counsel was ineffective, and (3) the jury instruction as to "reasonable doubt" is constitutionally deficient.  Petitioner claimed that the one-year statute of limitation should not bar his claim because trial counsel failed to inform him of the Tennessee Supreme Court's denial of his Rule 11 application until March 6, 2003.  He additionally relies upon his "incompetency" in that "he is completely blind and was unable to research or prepare a petition" to toll the statute of

limitation. By order entered May 6, 2004, the trial court dismissed the petition as barred by the applicable one-year statute of limitation. A notice of appeal document was timely filed by the Petitioner.

Petitioner's conviction for became final on October 9, 2002. Thus, under the applicable statute of limitations, Petitioner had until October 9, 2003, in which to file a claim for post-conviction relief. Under the Post-Conviction Procedure Act of 1995, exceptions to the statute of limitations are explicitly set forth, *i.e.*, (1) claims based upon a new rule of constitutional law applicable to a petitioner's case, (2) claims based upon new scientific evidence showing innocence, and (3) claims based upon enhanced sentences that were enhanced because of convictions subsequently found to be illegal. *See* Tenn. Code Ann. § 40-30-202(b)(1)-(3). Petitioner has failed to assert one of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. *See* Tenn. Code Ann. § 40-30-206(g).

A court may also consider an untimely petition for post- conviction relief if applying the statute of limitations would deny the petitioner due process. *Burford v. State,* 845 S.W.2d 204, 208 (Tenn. 1992); *see, e.g., Seals v. State,* 23 S.W.3d 272 (Tenn. 2000) (holding that due process mandates the tolling of the statute of limitations under the 1995 Sentencing Act during periods of a petitioner's mental incompetence). In *Seals v. State,* 23 S.W.3d 272, 279 (Tenn. 2000), our supreme court recognized that due process requires that the post-conviction statute of limitations be tolled during periods of a petitioner's mental incompetency. In *Nix,* 40 S.W.3d at 463, our supreme court, addressing the issue of what specific standard of mental incompetence must be satisfied to require tolling, held that "due process requires tolling of the post-conviction statute of limitations only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." *Id.* The *Nix* court stressed that the burden is on the petitioner to include specific factual allegations in his petition to support his claim of mental incompetence:

> We emphasize that to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) & (f). The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions from family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities.

*Id.* at 464 (citations omitted). In addition to alleging specific facts to show mental incompetence, the post-conviction petitioner must, in order to avoid dismissal of his petition on the basis of the

statute of limitations, demonstrate that he did not experience a total of one year of mental competency during the time between the highest action taken by an appellate court on his case or the date his conviction became final and the filing of his petition. *See Alvin L. Smith v. State,* No. 01C01-9808-CC-00343, 1999 WL 810229, at *2 (Tenn. Crim. App. Oct. 12, 1999). While we need not determine whether a physical handicap, as compared to "mental incompetence," can toll the one-year filing period, we cannot conclude that the Petitioner's assertion of a physical handicap impaired his ability to timely file a petition for post-conviction relief. The Petitioner has failed to offer any supporting documentation of his allegations. Under the *Nix* decision, the Petitioner has failed to establish a prima facie case for the tolling of the statute of limitations on grounds of physical/mental incompetence.

Finally, circumstances beyond a petitioner's control may justify tolling the statute of limitations. For example, in *Williams v. State,* 44 S.W.3d 464, 471 (Tenn. 2001), our supreme court recognized that the petitioner filed his petition for post-conviction relief after the statute of limitations had expired but affirmed this court's remanding the case for an evidentiary hearing in order for the trial court to address the petitioner's allegation that his attorney's misrepresentation caused his petition to be late-filed, "thereby requiring the tolling of the limitations period." The Petitioner asserts that his attorney failed to inform him of the supreme court's Rule 11 denial until March 6, 2003. This fact alone fails to excuse the Petitioner's failure to file a petition for post-conviction relief until April 29, 2004, nearly fourteen months after he "allegedly" first learned of the supreme court's denial.

The Petitioner's assertions that his attorney failed to provide him timely notice of the supreme court's Rule 11 denial and that he is blind do not suffice to make a prima facie showing of incompetence such that the statutory limitations period should be tolled. *See Nix*, 40 S.W.3d at 463. Accordingly, his claims are barred. The post-conviction court did not err in summarily dismissing his petition. Tenn. Code Ann. § 40-30-206(b).

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this appeal shall be assessed to the State.

_____

J.C. MCLIN, JUDGE